UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IDO DVIR-ZOLDAN,

              Plaintiff,

- against -

JONATHAN BOGOT, ORI BANKI,
ASSOCIATION OF THE TREATMENT
AND NUTRITION SUMMIT, and
LIORA HAREL,

              Defendants.

---

**ORDER**

17 Civ. 6609 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

    In this lawsuit, pro se Plaintiff Ido Dvir-Zoldan alleges that Defendants Jonathan Bogot, Ori Banki, Association of the Treatment and Nutrition Summit, and Liora Harel "violated his privacy" and attempted to kidnap him. (Cmplt. (Dkt. No. 1) at 2)[1]

    On November 13, 2017, the Court referred this case to Magistrate Judge Gabriel W. Gorenstein for general pretrial matters. (Dkt. No. 4) On November 16, 2017, Judge Gorenstein issued an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed due to (1) lack of subject matter jurisdiction; and (2) failure to state a claim. (Dkt. No. 5) On December 5, 2017, Plaintiff filed a response. (Dkt. No. 6) On December 29, 2017, Judge Gorenstein issued a Report and Recommendation ("R&R") recommending that this case be dismissed. (Dkt. No. 7)

    Title 28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's]

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

proposed findings and recommendations. . . ."² 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). Here, no party has filed objections to Judge Gorenstein's R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A "party generally waives judicial review of an issue[, however,] when he or she fails to make timely

---

² The R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to Rule 72 of the Federal Rules of Civil Procedure, and the consequences of a failure to timely object:

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(l) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul G. Gardephe at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections or responses must be directed to Judge Gardephe. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

(R&R (Dkt No. 7) at 4)

2

objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 7) at 4), Plaintiff has not filed objections to Judge Gorenstein's R&R. Accordingly, Plaintiff has waived judicial review. See Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Gorenstein's R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

## II.  ANALYSIS

### A.  **Subject Matter Jurisdiction**

In the Order to Show Cause, Judge Gorenstein ordered Plaintiff to

> make a showing by competent evidence in the form of an affidavit or sworn declaration as well as any documentary evidence if available of the citizenship of the plaintiff and of each defendant. If applicable, plaintiff must also provide evidence as to whether plaintiff or any defendant is a lawful permanent resident of the United States and must provide evidence of the domicile of any such person. See 28 U.S.C. § 1332(a). Also, for any corporation, plaintiff must provide evidence as to its place of incorporation and its principal place of business.

(Order to Show Cause (Dkt. No. 5) at 1)

3

Plaintiff's response did not include the requested information. As Judge Gorenstein states:

> The complaint and plaintiff[']s response provide an address in Brooklyn, New York, for plaintiff but neither filing indicates whether he is a United States citizen or has been granted lawful permanent residence in the United States, or where he resides. [(See Cmplt (Dkt. No. 1); Pltf. Reponse (Dkt. No. 6)] Thus, the Court lacks a basis for determining his citizenship. Similarly, plaintiff fails to provide evidence of the citizenship of all the defendants or where they are domiciled. While the complaint provides information suggesting that "defendant 1" (Jonathan Bogot) is an American citizen who resides in Israel, [(Cmplt. (Dkt. No. 1) ¶ 1)], the complaint does not provide a principal place of business or state of incorporation for "defendant 3" ("Association for the Treatment and Nutrition Summit in the USA or in Israel"). The fact that "defendant 3" has a bank account in the United States [(Cmplt. (Dkt. No. 1) ¶ 1)], and operates a website that receives donations from the United States [(Pltf. Response (Dkt. No. 6) ¶ 3)], does not suffice to clarify its citizenship for jurisdictional purposes. See § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Additionally, plaintiff has provided no allegations or evidence whatsoever regarding the citizenship of the remaining defendants, Ori Banki and Liora Harel.
>
> Without this information, the Court cannot assess whether there exists diversity of citizenship between the parties. Because Dvir-Zoldan provided no basis for determining the citizenship of the parties, the case should be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Durant. Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009) ("it is [a court's] obligation to raise the matter of subject matter jurisdiction 'whenever it appears from the pleadings or otherwise that jurisdiction is lacking'") (quoting John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967)).

(R&R (Dkt. No. 7) at 2 (footnote omitted))

This Court agrees. Accordingly, this case must be dismissed for lack of subject matter jurisdiction.

## B. Failure to State a Claim

In the Order to Show Cause, Judge Gorenstein informed Plaintiff that the Complaint did not contain sufficient factual allegations to state a claim, and directed him to provide additional information supporting his claims:

> The complaint does not clearly state any causes of actions against any of the defendants. It does not appear to comply with Rule 8 of the Federal Rules of Civil Procedure and is arguably frivolous. Plaintiff is directed to either file an Amended Complaint or explain why the complaint should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, or because it is frivolous.

(Order to Show Cause (Dkt. No. 5) at 1)

Plaintiff did not file an Amended Complaint, nor did he provide any additional information in support of his claims. As Judge Gorenstein states:

> Rule 8 requires a complaint to contain a short and plain statement showing that the complainant is entitled to relief. The purpose of this requirement is to "[']give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.[']" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Here, the complaint alleges that the defendants "breached and violated his privacy on many occasions," that the defendants "intended to kidnap him," and that the case "infringes on human rights." [(Cmplt. (Dkt. No. 1) ¶¶ 9, 10, 14)] It also contains disjointed allegations that plaintiff was "treated" by defendants in Afula, Israel; that they wrongfully "removed" an adoption file; that they gave a "social report" regarding plaintiff to an attorney, and that they "planned to poison" Jonathan Pollard. [Cmplt. (Dkt. No. 1) ¶¶ 18-22, 26-28, 34)] Given the muddled allegations, we cannot discern what laws have been violated or which defendants violated them. It is also unclear how any law of the United States or of a State is implicated. The complaint therefore does not comply with the Rule 8 requirement that a complaint must contain a "short and plain statement" of the claim, and it therefore should be dismissed. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint . . . ."); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint.").

(R&R (Dkt. No. 7) at 3)

This Court agrees. Accordingly, this case will also be dismissed for failure to state a claim.

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety, and the Complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim.

The Clerk of Court is directed to close this case. The Clerk of Court is further directed to mail a copy of this order via certified mail to pro se Plaintiff Ido Dvir-Zoldan, 770 Eastern Parkway, Brooklyn, New York 11213.

Dated: New York, New York
May 7, 2019

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge